JS 44 (Rev. 06/17)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

NIKKIA L. ARCHER OLIPHANT

**(b)** County of Residence of First Listed Plaintiff     Philadelphia
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Robert P. Cocco, P.C.,
1500 Walnut St., Ste.900, Philadelphia, PA 19102
215-351-0200

## DEFENDANTS

NEW PENN FINANCIAL, LLC

County of Residence of First Listed Defendant    
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

☐ 1 U.S. Government Plaintiff

☒ 3 Federal Question *(U.S. Government Not a Party)*

☐ 2 U.S. Government Defendant

☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | Pharmaceutical Personal Injury | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | Product Liability | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | **LABOR** | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veterans Benefits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☒ 480 Consumer Credit |
| ☐ 160 Stockholders' Suits | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 720 Labor/Management Relations | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 190 Other Contract | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | | | ☐ 751 Family and Medical Leave Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | | ☐ 790 Other Labor Litigation | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| | | | | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 791 Employee Retirement Income Security Act | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 896 Arbitration |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | | |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

☒ 1 Original Proceeding    ☐ 2 Removed from State Court    ☐ 3 Remanded from Appellate Court    ☐ 4 Reinstated or Reopened    ☐ 5 Transferred from Another District *(specify)*    ☐ 6 Multidistrict Litigation - Transfer    ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*: 15 U.S.C. §1692k et seq.

Brief description of cause: inaccurate credit reporting dispute

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:

JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*

JUDGE _____ DOCKET NUMBER _____

DATE 7/31/17

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

### CASE MANAGEMENT TRACK DESIGNATION FORM

| | |
|---|---|
| NIKKIA L. ARCHER OLIPHANT, | : CIVIL ACTION |
| v. | : |
| | : |
| NEW PENN FINANCIAL, LLC et al. | : NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a case management track designation form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a)   Habeas Corpus -- Cases brought under 28 U.S.C. §2241
through §2255.                                                                   (     )

(b)   Social Security -- Cases requesting review of a decision of the Secretary of Health and Human
Services denying plaintiff Social Security Benefits.              (     )

(c)   Arbitration -- Cases required to be designated for
  arbitration under Local Civil Rule 8.                                    (     )

(d)   Asbestos -- Cases involving claims for personal
  injury or property damage from exposure to asbestos.      (     )

(e)   Special Management -- Cases that do not fall into
  tracks (a) through (d) that are commonly referred to
  as complex and that need special or intense management
  by the court. (See reverse side of this form for a
  detailed explanation of special management cases.)          (     )

(f)   Standard Management -- Cases that do not fall into any
  one of the other tracks.                                                      ( X )

7/31/17
_____
(Date)

_____
Attorney-at-law

ROBERT P. COCCO, ESQ.                    .
Attorney for Plaintiff

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA -- DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff:   7404 Montour Street, Philadelphia, PA 19111

Address of Defendant: 4000 Chemical Road, Ste. 200, Plymouth Meeting PA 19462.

Place of Accident, Incident or Transaction: 7404 Montour Street, Philadelphia, PA 19111.
(*Use Reverse Side For Additional Space*)

Does this case involve multidistrict litigation possibilities?                                                                 Yes ☐   No ☑

*RELATED CASE, IF ANY:*            None.

Case Number: _____        Judge _____        Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?

Yes ☐ No ☑

2.  Does this case involve the same issue of factor grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?

Yes ☐ No ☑

3.  Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?

Yes ☐ No ☑

CIVIL: (Place  ✓  in ONE CATEGORY ONLY)

A.  *Federal Question Cases:*                                          B.  *Diversity Jurisdiction Cases:*

| | | |
|---|---|---|
| 1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts | | 1. ☐ Insurance Contract and Other Contracts |
| 2. ☐ FELA | | 2. ☐ Airplane Personal Injury |
| 3. ☐ Jones Act-Personal Injury | | 3. ☐ Assault, Defamation |
| 4. ☐ Antitrust | | 4. ☐ Marine Personal Injury |
| 5. ☐ Patent | | 5. ☐ Motor Vehicle Personal Injury |
| 6. ☐ Labor-Management Relations | | 6. ☐ Other Personal Injury (Please specify) |
| 7. ☐ Civil Rights | | 7. ☐ Products Liability |
| 8. ☐ Habeas Corpus | | 8. ☐ Products Liability - Asbestos |
| 9. ☐ Securities Act(s) Cases | | 9. ☐ All other Diversity Cases |
| 10. ☐ Social Security Review Cases | | |
| 11. ☑ All other Federal Question Cases | | |

(Please specify)

## ARBITRATION CERTIFICATION
*(Check appropriate Category)*

I, Robert P. Cocco, _____ counsel of record do hereby certify:

☐ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;

☑ Relief other than monetary damages is sought.

DATE: 7/31/17        _____ Attorney-at-Law        61907 _____ .
                                                              Attorney I. D. #

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38 _____ .

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 7/31/17        _____ Attorney-at-Law        61907 _____ .
                                                              Attorney I.D. #

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| NIKKIA L. ARCHER OLIPHANT, | : |
| Plaintiff, | : |
| v. | : Civil Action No. |
| | : |
| NEW PENN FINANCIAL, LLC dba | : |
| SHELLPOINT MORTGAGE SERVICING | : |
| | : |
| and | : |
| | : |
| STERN & EISENBERG, P.C., | : |
| Defendants. | : |
| | : |

**COMPLAINT**

### I.        Introduction

This is an action by a homeowner against her default mortgage servicer and its law firm for wrongful debt collection practices and for a proper accounting of her mortgage and for damages.

### II.        Venue and Jurisdiction

1.        Jurisdiction over this matter is conferred upon this Court by the Fair Debt Collection Practices Act, 15 U.S.C. § 1692k(d) and 28 U.S.C. §§ 1331 ("FDCPA").

2.        Venue lies in this judicial district in that the events which gave rise to this claim, including but not limited to the mortgage loan contract, occurred here and the property which is the subject of the action is situated within this district.

### III.        Parties

3.        Plaintiff is a natural person residing at 7404 Montour Street, Philadelphia, PA 19111 (the "property").

4.      Defendant, NEW PENN FINANCIAL, LLC d/b/a under the fictitious registered name of Shellpoint Mortgage Servicing ("Shellpoint"), is a corporation with its principal offices at 4000 Chemical Road, Ste. 200, Plymouth Meeting PA 19462 and is the servicing agent for the holder of plaintiff's mortgage loan.

5.      Defendant Stern & Eisenberg, P.C. ("Law Firm"), is a corporation and law firm engaged solely in the business of debt collection in the Commonwealth of Pennsylvania with principal offices at 1581 Main Street, Suite 200, Warrington, PA 18976. Law Firm regularly attempts to collect debts alleged to be due another and is a debt collector as defined by 15 U.S.C. §1692a(6).

## IV.    Factual Allegations

6.      Prior to the events hereinafter described, plaintiff had an outstanding home mortgage loan serviced by SLS, LLC ("the account").

7.      In or around June 2013, Plaintiffs filed a chapter 13 bankruptcy petition in the United States Eastern District, Docket No. 13-15459, for among other financial reasons, to pay arrears due on the account.

8.      SLS, on behalf of the loan's alleged owner, Bank of New York, filed a proof of claim in plaintiff's bankruptcy for plaintiff's mortgage loan arrears on the account which plaintiff committed to pay through her chapter 13 plan.

9.      On or about December 22, 2016, Shellpoint filed a transfer of claim giving notice it was the new servicer of the account having purchased the servicing rights from SLS, LLC.

10.     On or about March 9, 2017, Law Firm sent plaintiff a debt collection notice alleging plaintiff had missed nine (9) months of post-petition monthly payments for the account

totaling over $13,000 with other charges claimed due by Shellpoint.

11.     On or about March 21, 2017, Law Firm filed on behalf of Shellpoint a "Certification of Default of Stipulation Settling the Motion for Relief" alleging again that plaintiff had missed nine (9) months of post-petition monthly payments for the account.

12.     Plaintiff filed thereafter an Objection to Shellpoint's Certification of Default alleging all monthly payments averred by Defendants as unpaid had, in fact, been paid by plaintiff.

13.     On or about April 13, 2017, Plaintiff provided the Bankruptcy Court with redacted versions of her bank statements and cashed checks at Doc. 57 - Doc. 64 on the court's docket to substantiate that all payments due during the alleged default period ("07/01/2016 to 09/01/2016" and "10/01/2016 to 02/01/2017" had, in fact, been paid by plaintiff.

14.     At a hearing on or about April 13, 2017 regarding Shellpoint's Certification of Default, plaintiff testified at length in the Bankruptcy Court that she had made all payments alleged as being in default in the certification and testified that she was worried sick about losing her home; lost 15 lbs stressing out over the situation; missed several days of work; suffered anxiety and depression as a result of the situation; sought out a physician who prescribed medication to relieve the stress; and felt terribly about not being able to perform her duties as a mother properly during this period of time.

15.     On or about May 10, 2017, Defendants filed a Praecipe to Withdraw its earlier Certification of Default.

16.     As a result of Defendants' conduct, Plaintiff has and will continue to experience severe physical and mental suffering, including extreme stress and anxiety resulting in panic attacks requiring prescription medication, crying episodes, and tension headaches, the latter to a

3

severity requiring an emergency room visit to Einstein, loss of appetite resulting in loss of weight, and mental anguish over the false and unfair collection conduct Plaintiff experienced which placed plaintiff and her family in fear of losing their home.

## V.        Causes of Action

### COUNT I - FAIR DEBT COLLECTION PRACTICES ACT

17.    Plaintiff incorporates the allegations in all prior paragraphs by reference.

18.    At the time it became the servicing agent for plaintiff's loan as described herein, Defendant Shellpoint was a debt collector within the meaning of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692a, in that it regularly collects debts owed to another, and the debt was asserted by Defendant to be contractually in default at the time it became the servicer of the debt.

19.    Defendant Law Firm is a debt collector within the meaning of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692a because it regularly collects debts owed to another.

20.    Proper accounting by defendants for plaintiff's mortgage loan payments would have determined that plaintiff was not in post-petition arrears on her mortgage loan account.

21.    In sworn court filings in the underlying litigation as described in detail herein, Defendants have misstated to plaintiff the amounts due on the debt.

22.    Consequently, at the time the collection demand was made in the aforesaid written communications, Defendants misrepresented plaintiff's legal and financial obligations regarding the mortgage loan.

23.    Accordingly, Defendants violated §1692e(2)(A) by making a false representation of

the character, amount, or legal status of any debt by stating that it was in arrears and subject to foreclosure.

24.     Defendants violated §1692f by engaging in unfair or unconscionable means to collect or attempt to collect a debt by attempting to collect a debt that was not owed and wrongly implying that the debt had caused a foreclosure upon plaintiff's home.

## PRAYER FOR RELIEF

Plaintiff respectfully prays that judgment be entered against the Defendants for the following:

a.   Actual damages pursuant to 15 U.S.C. § 1692k(a)(1);

b.   Statutory damages pursuant to 15 U.S.C. § 1692k(a)(2)(A);

c.   Costs and reasonable attorney's fees pursuant to 15 U.S.C. §1692k(a)(3);

d.   Equitable relief in the form of an accurate accounting of plaintiff's mortgage loan;

e.   Such other and further relief as may be just and proper.

Dated:  July 31, 2017

DUNNE LAW OFFICES, P.C.
By: Stephen M. Dunne, Esquire
1515 Market Street, Suite 1200
Philadelphia, PA 19102
215-551-7109
stephen@dunnelawoffices.com
Attorney for Plaintiff

ROBERT P. COCCO, P.C.
By:  Robert P. Cocco, Esquire
1500 Walnut Street, Suite 900
Philadelphia, PA 19102
215-351-0200
rcocco@rcn.com
Attorney for Plaintiff

5